IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| LEON JOHNSON, | ) | |
| Plaintiff, | ) | Civil Action No. 7:22-cv-00340 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| F. DUTY, *et al.,* | ) | United States District Judge |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Plaintiff Leon Johnson, a Virginia inmate proceeding *pro se*, filed a 42 U.S.C. § 1983

complaint containing misjoined claims and defendants, and this court severed her complaint into

five separate actions.[1]  This case involves her claim that her religious rights were violated by the

confiscation of her religious property and a refusal to return it and that this confiscation also

constituted illegal retaliation for Johnson's complaints of sexual harassment under the Prison

Rape Elimination Act ("PREA"), 34 U.S.C. §§ 30301–30309.  She also appears to be asserting

an equal protection claim based on religion.  The defendants to this action are F. Duty, B. Maze,

J.R. Massingill, R. White, and S. Fuller.

The matter is before the court for review pursuant to 28 U.S.C. § 1915A(a).  Section

1915A(a) requires the court to conduct an initial review of a "complaint in a civil action in which

a prisoner seeks redress from a governmental entity or officer or employee of a governmental

entity."  *See also* 28 U.S.C. § 1915(e)(2) (requiring court, in a case where plaintiff is proceeding

*in forma pauperis*, to dismiss the case if it is frivolous or fails to state a claim on which relief

may be granted).  Pleadings of self-represented litigants are given a liberal construction and held

to a less stringent standard than formal pleadings drafted by lawyers.  *Erickson v. Pardus*, 551

---

[1] According to the complaint, Johnson is a transgender woman, and she refers to herself using feminine pronouns.  The court does so also.

U.S. 89, 94 (2007) (per curiam). Liberal construction does not mean, however, that the court can ignore a clear failure in pleadings to allege facts setting forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Applying these standards to Johnson's complaint, the court concludes that it is subject to dismissal pursuant to § 1915A(b)(1). Because it is possible that Johnson may be able to state a claim with additional factual matter, however, the court will dismiss her complaint without prejudice and will give Johnson an opportunity to file an amended complaint.

## I. BACKGROUND

Johnson states that, on some unspecified date during June 2021, an unspecified defendant either lost or stole her property, including her unspecified "religious activity items." (Compl. 4, Dkt. No. 1.) She claims that she was not given a confiscation form and that the confiscation of her property violated her due process rights. She also claims that the loss of her property was "in retaliation" and that Defendant Shepherd "has been placed on notice" that the property is missing." (*Id.*)

She alleges that she asked for reimbursement or replacement, but apparently neither has occurred. She claims that the confiscation of the property is a substantial burden on her religion, although she does not identify what her religion is or how the lack of items affected it. She also contends that defendants Fuller and White allow other inmates "to wear kufi and have prayer rugs," but she does not state whether those are also the items she wants or the items that have been taken. (*Id.* at 5–6.) She asserts that defendants violated her "equal protection" rights because she was not "given an opportunity to practice her belief or to wear or use religious symbols." (*Id.* at 6.)

The court construes these allegations as asserting a claim that her rights under the Free Exercise Clause of the First Amendment have been violated, a retaliation claim, and an equal protection claim based on religion.

## II.  DISCUSSION

The primary reason requiring the dismissal of Johnson's claims is that her complaint lacks sufficient detail to state a constitutional claim.  First of all, liability under § 1983 is "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001) (internal citation omitted).  Thus, a § 1983 claim requires factual detail about each defendant's personal involvement.  *See Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017) (explaining that liability will lie under § 1983 only "where it is affirmatively shown that the official charged acted personally" in the violation of plaintiff's rights and affirming dismissal of claim where plaintiff did not allege personal involvement by defendant) (quoting *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)).  With regard to nearly all of her allegations, Johnson does not identify a particular defendant that took any particular action against her.  For example, she does not identify which defendant allegedly confiscated her property.

Likewise, with regard to her religious claims, she does not identify what her religion is, identify with any specificity what religious items were taken, nor explain how the confiscation of those items substantially burdened her ability to practice her religion.  In the absence of such information, she fails to state a free exercise claim.  *Greenhill v. Clarke*, 944 F.3d 243, 253 (4th Cir. 2019) (setting forth the elements of a claim alleging a violation of the Free Exercise Clause, which requires plaintiff to demonstrate that he holds a "sincere religious belief" and that "a prison practice or policy places a substantial burden on his ability to practice his religion" (quoting *Carter v. Fleming*, 879 F.3d 132, 139 (4th Cir. 2018)); *see also Lovelace v. Lee*, 472

3

F.3d 174, 187 (4th Cir. 2006) (explaining that a free exercise claim under the First Amendment requires a showing that the defendant, through act or omission, put "substantial pressure on an adherent to modify his behavior and to violate his beliefs") (quoting *Thomas v. Review Bd. of Ind. Emp't Sec. Div.*, 450 U.S. 707, 718 (1981)).

Johnson's failure to name any particular defendant who took her items, among other failures, also means that she has failed to state a retaliation claim. To succeed on a retaliation claim, Johnson must establish that "(1) [she] engaged in protected First Amendment activity, (2) the defendant took some action that adversely affected [her] First Amendment rights, and (3) there was a causal relationship between [her] protected activity and the defendant's conduct." *Martin v. Duffy*, 977 F.3d 294, 299 (4th Cir. 2020) (citing *Martin v. Duffy*, 858 F.3d 239, 249 (4th Cir. 2017)) (alterations omitted). Here, she alleges that "one of the defendants" took her property, and she later references defendants Duty, Maze, and Massingill in a paragraph about retaliation, (*id.* at 12), but that does not allege sufficient personal involvement by those three defendants or anyone else. She also states that Shepherd knew about the missing property, but she does not offer sufficient other allegations to state a retaliation claim against Shepherd.

Nor can the court evaluate Johnson's allegations to determine if they satisfy the third element of a retaliation claim. Because there is no information about who the person was that confiscated her property, there is no way to evaluate whether that person knew of Johnson's protected activity. Notably, moreover, the Fourth Circuit has cautioned that courts must treat an inmate's claim of retaliation by prison officials "with skepticism." *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996). Thus, conclusory allegations of retaliation are insufficient to survive dismissal. *Adams v. Rice*, 40 F.3d 72, 74–75 (4th Cir. 1994). For all of these reasons, Johnson's complaint fails to state a retaliation claim.

Lastly, as to any equal protection claim, the court construes Johnson's claim to be that

she is being treated differently than inmates of other religions.[2]  As already noted, however, she

provides no information about her religion.  Perhaps more importantly, it is unclear *how* she

believes she was treated differently.  It is unclear, for example, if she is claiming that her

religious items were confiscated, but other inmates' items were not, or that she is not being

permitted to have and utilize "religious activity" items, unlike other inmates.  To prove an equal

protection claim, a litigant "must first demonstrate that he has been treated differently from

others with whom he is similarly situated." *Veney v. Wyche,* 293 F.3d 726, 730 (4th Cir. 2002)

(quoting *Morrison v. Garraghty,* 239 F.3d 648, 654 (4th Cir. 2001)).  Two groups of persons are

"similarly situated" only if they "are similar in all aspects relevant to attaining the legitimate

objectives" of the policy or legislation.  *Van Der Linde Housing, Inc. v. Rivanna Solid Waste

Auth.*, 507 F.3d 290, 293 (4th Cir. 2007).  Once such a showing is made, then the court will

determine "whether the disparity in treatment can be justified under the requisite level of

scrutiny." *Veney*, 293 F.3d at 731 (quoting *Morrison*, 239 F.3d at 654).

The vagueness of Johnson's allegations require dismissal of her equal protection claim

based on religion.  In addition to the lack of information described above, she also has failed to

identify with any detail any other individual or groups of individuals who are similarly situated

and are being treated differently.  As such, the complaint simply does not provide enough detail

for defendants to defend against it, and Johnson has failed to state a claim for which relief can be

granted.

### III.  CONCLUSION

Because of its lack of detailed allegations as to the claims in this case, Johnson's

complaint fails to state a constitutional deprivation actionable under § 1983.  Thus, it will be

---

[2]  Elsewhere in her complaint, she references claims of "sex discrimination" and complains that, as a transgender woman, she is being denied equal protection of the laws.  Those allegations are part of a separate complaint, *Johnson v. Maze*, No. 7:22-cv-00342 (W.D. Va.).

dismissed, pursuant to 28 U.S.C. § 1915A(b)(1), for failing to state a claim upon which relief

may be granted.  The court will dismiss Johnson's complaint without prejudice, however, and

will allow Johnson thirty days to file an amended complaint, if she believes she can cure the

deficiencies identified by the court. An appropriate order will be entered.

Entered: July 21, 2022.

*/s/ Elizabeth K. Dillon*

Elizabeth K. Dillon
United States District Judge