IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| LEON JOHNSON, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:22-cv-00340 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| F. DUTY, *et al.,* | ) |     United States District Judge |
|     Defendants. | ) | |

**MEMORANDUM OPINION**

Plaintiff Leon Johnson, a Virginia inmate proceeding *pro se*, filed a 42 U.S.C. § 1983

complaint containing misjoined claims and defendants, and this court severed her complaint into

five separate actions.[1]  This case involves Johnson's claims that her religious rights were violated

by the confiscation of her religious property and a refusal to return it and that this confiscation

also constituted illegal retaliation for Johnson's complaints of sexual harassment under the

Prison Rape Elimination Act ("PREA"), 34 U.S.C. §§ 30301–30309.  She also appeared to be

asserting an equal protection claim based on religion, although her amended complaint suggests

that her equal protection claim is based on her being transgender.  Her amended complaint also

asserts a due process claim based on deprivation of her property.  The current defendants to this

action are F. Duty, B. Maze, J.R. Massingill, R. White, and S. Fuller.  Her latest proposed

amended complaint (Dkt. No. 10) seeks to add two defendants—Shepherd and John Doe—and

asks to dismiss Maze, White, and Fuller.

By memorandum opinion and order entered July 21, 2022, the court sua sponte dismissed

this case without prejudice, based on Johnson's failure to allege sufficient facts to state a claim.

(Dkt. Nos. 5, 6.)  The dismissal order specifically granted Johnson the opportunity to file a

---

[1]  According to the complaint, Johnson is a transgender woman, and she refers to herself using feminine
pronouns.  The court does so also.

motion to reopen with an amended complaint, if she believed she could remedy the deficiencies identified by the court.  Within the deadline for doing so, Johnson filed a document she has titled as a "Motion for Leave to file an Amended Complaint and Reconsideration." (Dkt. No. 7.)   She subsequently filed a document titled a "Motion for Amended Complaint."  (Dkt. No. 10.)

The court will grant Johnson's motions (Dkt. Nos. 7, 10) insofar as it will reopen her case.  It will treat her latest submission (Dkt. No. 10) as the entirety of her proposed amended complaint.  As noted, the amended complaint adds two defendants, and the Clerk shall be directed to add them.  It also dismisses Maze, White, and Fuller.

Reviewing Johnson's amended complaint pursuant to 28 U.S.C. § 1915A(a), the court concludes that her allegations do not save most of her claims from dismissal.  As to her claim under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1,  *et. seq.*, and her Free Exercise claim against Duty, Doe, Massingill, and Shepherd, the court will not dismiss them at this time.  Instead, the court will direct that the amended complaint be served on those defendants, but only as to those two claims.

## I.  DISCUSSION

In her amended complaint, Johnson's primary allegations are that Duty and John Doe confiscated her prayer rug and kufi/hijab and then either lost them or stole them.  She asserts that Shepherd and Massingill supervise Duty and Doe and also that they allow other inmates to have these types of religious items but have not permitted Johnson to have them.  (Am. Compl. 5, Dkt. No. 10.)  She states that "the restriction is not the least restrictive means."  (Am. Compl. 2.)  The basis for her equal protection claim appears to be that the refusal to return her religious items to her is an equal protection violation based on her transgender status.  (Am. Compl. 3–4.)

In its dismissal opinion, the court construed Johnson's complaint as asserting a claim that her rights under the Free Exercise Clause of the First Amendment were violated, a retaliation

claim, and an equal protection claim based on religion.  Based on language in her interim

amended complaint, it appears that she also is asserting a claim under RLUIPA based on the

confiscation and/or failure to return the items, and she makes numerous references to a due

process violation based on the deprivation of her property.  In addressing her claims in the

amended complaint, and whether they are subject to dismissal pursuant to 28 U.S.C.

§ 1915A(b)(1), the court discusses each of Johnson's claims, the original reasons for dismissal as

to those claims raised in the original complaint, and whether the proposed amended complaint

cures the deficiencies pointed out by the court or otherwise states a valid legal claim.

## A.  Free Exercise/RLUIPA Claims

The court dismissed Johnson's First Amendment claim in large part because she had

failed to identify her religion or how the items she alleges were lost or stolen from her were

necessary to practice her religion.  (Mem. Op. 3–4, Dkt. No. 5.)  In her proposed amended

complaint, she has provided that information.  The court will therefore allow her First

Amendment claim and her related RLUIPA claim to go forward at this time.  Her allegations

plausibly allege that Duty and Doe took and refused to return her religious property, and she also

points to Massingill and Shepherd as playing in a role in denying her the opportunity to receive

back these items, which she says prevented her from practicing her religious beliefs or wearing

religious symbols.  Thus, the court will retain all four of those individuals as defendants to these

two claims.

## B.  Retaliation Claim

The court dismissed Johnson's retaliation claim in part because she failed to name any

particular defendant who took her religious items, and also because she failed to allege facts to

show a causal relationship between any protected action and the retaliatory action.  (Mem. Op. 4,

Dkt. No. 5.)  In her amended complaint, Johnson explains that John Doe and Duty took her

property after Johnson reported Duty for misconduct under PREA.  She claims that they did so in retaliation for her report against Duty.  Thus, she has now identified which persons took and failed to return her religious items.

Critically, though, she does not allege that either Duty or Doe—or any other defendant— *knew* about the PREA report at the time of confiscation.[2]  And such knowledge is essential to showing a causal link.  *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F. 3d 474, 501 (4th Cir. 2005) ("[T]o establish this causal connection, a plaintiff in a retaliation case must show, at the very least, that the defendant was aware of [plaintiff's] engaging in protected activity.").  Moreover, Johnson offers nothing other than conclusory allegations that the reason for the confiscation and loss of property was retaliation, and such allegations are insufficient to survive dismissal.  *See Adams v. Rice*, 40 F.3d 72, 74–75 (4th Cir. 1994) (summarily dismissing retaliation claim as insufficient because it consisted merely of conclusory allegations and no facts to show retaliatory motivation).  Because she has set forth insufficient *facts* to show a retaliatory motive, Johnson's retaliation claim against all defendants must be dismissed.

## C.  Equal Protection Claim

The court dismissed Johnson's equal protection claim in her original complaint because, although she initially appeared to be alleging that she was being treated differently than inmates of other religions, she never identified her religion or provided any information about how she believes she was treated differently.  In her amended complaint, she clarifies that she is a Sunni Muslim.  She also acknowledges that both male and female Muslims are permitted to have these items and thus—at least implicitly—she is not claiming she is treated differently than others

---

[2]  In determining the allegations underlying Johnson's claims, the court looks only to her proposed amended complaint (Dkt. No. 10), which the court directed was required to be a "new pleading complete in all respects, which stands by itself without reference to any earlier-filed complaint, documents or attachments."  (Order 1, Dkt. No. 6.)  The court expressly stated that "Johnson's filings to date will not be treated as part of her amended complaint by the court and should not be incorporated by reference by Johnson in the proposed amended complaint."  (*Id.*)

because of her faith, but because she is a transgender woman.  (Am. Compl. 3–4 (alleging that "other males, females, Muslims, and Jews" are all allowed to have the same or similar items); *see also* Dkt. No. 7 at 7 (alleging that "male and transgender prisoners Muslims are "similarly situated" and that "if male Muslims can receive all property in conjunction with religious item[s] so can Johnson").)[3]  This allegation, however, is properly part of her claims of discrimination based on her status as a transgender woman and should be included in the case dealing with those claims—*Johnson v. Maze*, No. 7:22-cv-00342.  Accordingly, the court will dismiss that claim without prejudice as part of this lawsuit (which consists of her religious claims), but it will allow her to move to amend her complaint in Case No. 7:22-cv-00342, if she so chooses, to include a claim that she was denied her religious property because she is a transgender woman, rather than a male inmate.

## D.  Due Process Claim

To the extent that Johnson's amended complaint attempts to assert a due process claim based on the alleged deprivation of her property, she has failed to state a claim for which relief can be granted.  Allegations that prison officials deprived an inmate of her property, whether intentionally or as a result of negligence, do not state a constitutional due process claim "if a meaningful post-deprivation remedy for the loss is available."  *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).  Because Johnson possessed tort remedies under Virginia state law, *see* Virginia Code § 8.01–195.3, it is clear that she cannot prevail in a constitutional claim for the alleged property loss in this case.  Thus, Johnson's due process claim based on the loss of her property also must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

---

[3]  It appears to the court that Johnson is alleging she was denied the ability to wear a kufi, which is traditionally a head covering for a Muslim male, because she is a transgender woman.  She does not appear to be alleging that she sought or was denied a traditional garment for a Muslim female, such as a hijab, although in at least one place in her latest amended complaint, she refers to a "kufi/hijab."

## II.  CONCLUSION

For the foregoing reasons, the court will grant Johnson's motions for reconsideration and to amend (Dkt. Nos. 7, 10) insofar as it will re-open the case to this court's active docket and will treat her latest filing (Dkt. No. 10) as her amended complaint.  The Clerk will be directed to add John Doe and Shepherd as defendants and to terminate Fuller, White, and Maze.  As to the claims in the amended complaint, however, the only claims that shall be permitted to go forward are her First Amendment Free Exercise and RLUIPA claims against Duty, Doe, Shepherd, and Massingill, based on the confiscation of her Johnson's kufi and prayer rug, the subsequent loss or theft of those items, and defendants' refusal to return those items to Johnson upon request.  All other claims against these defendants will be dismissed.  The court also will direct the collection of the filing fee and service of the complaint as to the remaining claims and defendants.

If she so chooses, Johnson may move to amend her complaint in *Johnson v. Maze*, No. 7:22-cv-342, to add an Equal Protection claim alleging that, as a transgender woman, she was treated differently than non-transgender inmates when her property was confiscated and not returned to her.

An appropriate order will be entered.

Entered: December 7, 2022.

/s/ Elizabeth K. Dillon

Elizabeth K. Dillon
United States District Judge